UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALBERT T. SAVAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09-cv-598-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Albert Savage applies to the Court for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the Commissioner's denial of his application for benefits under Title II and Title XVI of the Social Security Act. The Commissioner opposes the motion, arguing that his decision to defend the administrative law judge's ruling was substantially justified. Should the application be granted, the Commissioner does not object to the number of hours or the hourly rate set forth in the application, but argues that any award is payable to Albert Savage rather than to his counsel. I recommend that the application be granted and that the fees award issue in the amount of $4,270.78. As the Commissioner says, the award is payable to Savage.

### LEGAL STANDARD

The EAJA provides, in relevant part, that a prevailing party should receive a fees-shifting award against the United States, unless the position of the United States was "substantially justified":

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has explained that a fees-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. This boils down to a burden of showing that its position was "justified in substance or in the main," as in justified "to a degree that could satisfy a reasonable person." Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

## DISCUSSION

Savage asserts prevailing party status by virtue of securing a remand. (EAJA Application at 1, Doc. No. 18.) The Commissioner objects to a fees-shifting award on the ground that its denial of the claims was substantially justified. (Def.'s Response at 1, Doc. No. 19.) If an award does issue, the Commissioner requests that the Court direct that it be payable to Savage rather than his counsel. (Id. at 4.)

**A.      Substantial Justification**

The Commissioner does not dispute that Savage is the prevailing party in this litigation. Instead, the Commissioner argues that his Administration was substantially justified in proceeding as it did because the issue was described as "very close" in the Recommended Decision adopted by the Court. (Id. at 3.)

Many remanded social security proceedings present close questions of law and fact, but most, if not all, are remanded on the basis of reasonableness determinations about the weight of the evidence. A remand based on reasonableness considerations reflects that the Commissioner's

litigation position was not substantially justified. Dionne v. Barnhart, 230 F. Supp. 2d 84, 86 (D. Me. 2002) (finding Commissioner's position was not substantially justified where administrative proceedings were "sufficiently flawed that remand for further consideration is warranted"). For example, in this case remand was the appropriate resolution because the record lacked substantial evidence in support of the Administrative Law Judge's residual functional capacity finding that Savage could spend six hours on his feet over the course of an eight-hour workday, five days per week. The Administrative Law Judge's finding was not substantially justified. Neither was his reliance on vocational expert testimony concerning the existence of work in the national economy that Savage could perform, because his reliance on that testimony depended on a flawed residual functional capacity finding.

It would be paradoxical to find that the Commissioner's litigation position in this Court was "justified in substance or in the main" or "could satisfy a reasonable person" based on the Court's resolution of the merits. Schock, 254 F.3d at 5. The fees application should be granted.

**B.     The Lodestar**

The Commissioner concedes that the time expended by counsel in this matter (24.5 hours) was reasonable. (Def.'s Response at 3-4.) The Commissioner does not offer an objection concerning the requested hourly rate of $175.75, which is calculated on the basis of a statutory rate, adjusted for inflation. 28 U.S.C. § 2412(d)(2)(A).

Based on these reasonable hourly figures and rates, the amount requested by Savage, $4,270.78, is an appropriate fees-shifting award and I recommend that the Court issue an award in this amount.

**C.     The Payee**

The Commissioner argues that the award must be made payable to Albert Savage rather than his counsel, citing <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010). (Def.'s Response at 4.) Savage's motion does not state otherwise, though he attached to his application an executed Assignment of EAJA Fees dated November 16, 2009 (Doc. No. 18-5). Although Savage filed a six-page reply (Doc. No. 22), Savage has not offered any objection to the Commissioner's request that the Court order that the EAJA award is payable to Savage.

In its recent opinion in <u>Ratliff</u>, the Supreme Court held that an EAJA fees award given to a prevailing party can be used by the Commissioner to offset debts the prevailing party owes to the United States under the Treasury Department's Offset Program. 130 S. Ct. at 2524, 2527-29. The dispute addressed in <u>Ratliff</u> arose due to a motion to intervene by the prevailing party's attorney, who maintained that he was entitled to the fees award rather than his client, and that the Commissioner had no right to use the fees award to offset the client's debts. <u>Id.</u> at 2525. The Court squarely rejected that theory. <u>Id.</u> at 2524 ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."); <u>see also id.</u> at 2529 (explaining that there would be no need for an assignment if the law were to the effect that an EAJA fees award ran to the attorney rather than to the prevailing party). The significance here is merely that the award is granted to and payable to the prevailing party. The <u>Ratliff</u> opinion does not negate Savage's assignment of the EAJA fees award to his counsel, but calls for the Court to direct its award to the prevailing party and for the United States to issue payment to the order of the prevailing party if an offset is not asserted.

CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application in the amount of $4,270.78.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 9, 2011